IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN E. GOREE, No. B-87848, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-cv-488-MJR |
| | ) |
| MERLE JUSTUS, ST. CLAIR COUNTY JAIL, and MEDICAL STAFF ADMINISTRATORS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff John E. Goree, an inmate in Logan Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on events that occurred while Plaintiff was a pretrial detainee in the St. Clair County Jail. Plaintiff is serving a three year sentence for aggravated unlawful use of a weapon. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**The Complaint**

Plaintiff was a pretrial detainee, held in the St. Clair County Jail from September 18, 2010, until approximately March 18, 2011. When he arrived at the Jail, he tested negative for tuberculosis ("TB"). However, upon his subsequent transfer to Menard Correctional Center ("Menard") on March 18, 2011, Plaintiff's TB test showed that he had been exposed to the disease. Menard officials immediately prescribed Plaintiff a nine-month course of medication to prevent further progress of the disease. At the time his complaint was filed, Plaintiff was still undergoing this medical treatment.

Plaintiff has named St. Clair County Sheriff Merle Justus,[1] the St. Clair County Jail, and

---

[1] Although Defendant Merle Justus was not listed as a Defendant in the caption of Plaintiff's complaint, and likewise was not included as a Defendant on the Court's docket sheet, Plaintiff lists his name among the Defendants in the body of his complaint (Doc. 1, p. 1). Thus, the Court will examine whether Plaintiff states a constitutional claim against Defendant Justus.

Medical Staff Administrators as Defendants. He seeks compensatory damages for his exposure to TB and medical neglect.

## Discussion

Although claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

Claims which relate to conditions of confinement, such as Plaintiff's allegations here, fall under the 'cruel and unusual punishment' clause of the Eighth Amendment. To prevail on a conditions claim, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). The Eighth Amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes,* 452 U.S. at 346; *See also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). All Eighth Amendment claims have both an objective and a subjective component. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective component

focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In Plaintiff's case, the allegation that he was exposed to, and tested positive for, TB while being confined in the St. Clair County Jail meets the objective component of an Eighth Amendment claim. "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1371 (7th Cir. 1997). Tuberculosis is clearly a serious medical condition, and exposure to TB would meet the first prong of the test. *See Forbes v. Edgar*, 112 F.3d 262, 266 (1997) (citing *Helling v. McKinney*, 509 U.S. 25 (1993)).

However, in addition to showing an objectively serious condition, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he or she also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837; *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. It is well-settled that mere negligence is not enough. *See, e.g., Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

It is here that Plaintiff's complaint falls short of the mark. The pleadings are devoid of allegations against any individual Defendant that would establish knowledge on his or her part of a substantial risk of serious harm to Plaintiff, let alone a failure to act to mitigate the risk. The mere fact that Plaintiff tested positive for TB after spending six months in the custody of Defendants is not enough to state a constitutional violation. *See Forbes v. Edgar*, 112 F.3d 262, 265-67 (1997).

Plaintiff also makes the conclusory statement that he was the victim of "neglect of medical well being" (Doc. 1., p. 6), but he does not explain further. Regardless, such an allegation of negligence does not state a constitutional claim. *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

Even if Plaintiff could establish deliberate indifference on the part of any subordinate jail personnel, this would not state a claim against Sheriff Justus. Plaintiff makes no allegations against Sheriff Justus other than stating that he "has authority over seeing the wellbeing of inmates" (Doc. 1, p. 1). "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the

deprivation of a constitutional right.'"  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Likewise, Plaintiff has not stated a claim against St. Clair County or the St. Clair County Jail.  Governmental entities cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy.  *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).  *See also Monell,* 436 U.S. at 694.  "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *Estate of Sims ex rel. Sims v. Cnty. of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986)).  *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.'" (quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007))).

Plaintiff has failed to state a constitutional claim upon which relief may be granted, because he has not alleged that any Defendant acted with the requisite culpable state of mind required to show deliberate indifference to a serious risk of harm.  Accordingly, this action shall be dismissed without prejudice.

**Pending Motions**

Plaintiff has paid the filing fee for this action in full, and, although no summons has been

issued by this Court, he has apparently served copies of his complaint and other documents on the Defendants. Defendant St. Clair County Jail, by counsel, has filed a motion to dismiss (Doc. 6) and a motion for protective order (Doc. 9). In addition, Plaintiff has filed two motions seeking to add various medical records as exhibits to his complaint (Docs. 5 and 7).

Because this action shall be dismissed, all pending motions are **DENIED AS MOOT.**

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED, without prejudice**. Plaintiff shall have through **March 16, 2012**, within which to file an amended complaint (captioned "Amended Complaint"). Failure to file an amended complaint may result in the dismissal of this action with prejudice. Upon the filing of an amended complaint, the Court will again screen Plaintiff's pleading pursuant to 28 U.S.C. § 1915A.

Plaintiff is further advised that if he fails to file a viable amended complaint, this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998); *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011); *O'Neal v. Price*, 531 F.3d 1146, 1154-55 (9th Cir. 2008); *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998).

In the event that Plaintiff fails to file an amended complaint by the prescribed deadline, the case will be closed and judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED: 2/22/2012**

                                                  <u>s/ MICHAEL J. REAGAN</u>
                                                       **U.S. District Judge**